IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:14-CR-25- |
| | § | SDJ-KPJ |
| DONNIE RAY JACKSON (4) | § | |

**REPORT AND RECOMMENDATION**
<u>**OF UNITED STATES MAGISTRATE JUDGE**</u>

Now before the Court is the request for revocation of Defendant Donnie Ray Jackson's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 28, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto of the Federal Public Defender's Office. The Government was represented by Wes Wynne.

Defendant was sentenced on April 24, 2015, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute Cocaine, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of IV, was 84 to 105 months. Defendant was subsequently sentenced to 84 months imprisonment to be followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, acquire a GED, and drug testing and treatment. On February 14, 2020, Defendant completed his period of imprisonment and began service of the supervision term.

On July 21, 2020, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 135, Sealed]. The Petition asserts that Defendant violated two (2) conditions of supervision, as follows: (1) The defendant shall report to the

probation officer and shall submit a truthful and complete written report within the first five days of each month; and (2) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment [Dkt. 135 at 1, Sealed].

The Petition alleges that Defendant committed the following acts: (1) Defendant failed to submit a monthly report in April 2020, May 2020 and June 2020; and (2) Defendant failed to report a residence change to the probation officer. His whereabouts are unknown [Dkt. 135 at 1, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to each of the allegations 1 and 2 of the Petition. Having considered the Petition and the plea of true to allegations 1 and 2, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 147; 148].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months, with a term of supervised release of forty-two (42) months to follow.

The Court further recommends the imposition of the following special conditions: (1) You must provide the probation officer with access to any requested financial information for purposes of monitoring your sources of income; (2) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; and (3) You must acquire a high school equivalency certificate.

The Court also recommends that Defendant be housed in Bureau of Prisons Fort Worth Medical, or another medical facility in the North Texas area, if appropriate.

**SIGNED this 28th day of June, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE